ANNA GUGLIELMI *vs.* GEORGE R. HAMBRECHT.

AUGUST 11, 1953.

PRESENT: Flynn, C. J., Baker and O'Connell, JJ.

O'Connell, J. This action of trespass on the case for negligence and a companion case brought by plaintiff's husband were tried before a justice of the superior court sitting without a jury and resulted in a decision for the defendant in each case. The plaintiff husband failed to prosecute a bill of exceptions in his action and only the wife's case is now before us on her bill of exceptions to said decision and other evidentiary rulings.

It appears in evidence that plaintiff was a guest passenger in the front seat of a car owned and operated by her husband Bernard Guglielmi; that defendant was the owner and operator of the car which was in collision with the Guglielmi car; and that the accident occurred between 8:30 and 9 p.m. on December 11, 1951 at the intersection of Olney and Homewood avenues in the town of North Providence in this state.

The evidence also discloses that the car in which plaintiff was riding was traveling in an easterly direction on Olney avenue going toward Smith street; that defendant was operating his car in a northerly direction on Homewood avenue heading toward Olney avenue; that plaintiff's car was approaching the intersection from defendant's left; and that there was no stop sign on Homewood avenue at the point of intersection. It further appeared that plaintiff's driver was familiar with this intersection stating: "I travel

that road day in and out." On the other hand defendant, who lived in Swampscott, Massachusetts, had never driven in that vicinity before and testified: "I was a stranger in that area." On cross-examination plaintiff admitted that she was talking to her husband, the driver of the car in which she was riding, and that she did not know very much about what took place just before the accident occurred.

The plaintiff's husband testified that as he approached the intersection his speed was from 10 to 15 miles per hour; that he looked in both directions and saw nothing; that he heard no horn and sounded none himself; that he was well into the intersection when he first observed defendant's car, which was then coming very fast; and that he immediately applied his brakes and swerved his car to the left. On cross-examination he admitted that the first time he looked to the right to see if anything was approaching on Homewood avenue was just as the front of his car was crossing the intersection, and that when he looked it was too late to avoid the collision.

The defendant testified that as he approached the intersection he was going between 20 and 25 miles per hour and was traveling on the right middle side of the highway; that his headlights were lighted and he first became aware of the intersection when he was about 25 feet away; that he then saw the headlights from another car which was approaching such intersection; that the instant he saw the other car he applied his brakes, which were working properly; that his car did not stop but slid on the slippery surface of the road; and that the automobile in which plaintiff was riding did not slacken its speed at all and the front end of the two cars collided at the intersection.

It further appears that defendant's car stopped immediately at the point of impact; that plaintiff's car continued and moved across the highway to the left side of Olney avenue; and that when it came to rest it was up against a bank and only a part of the rear portion of the car was on the highway. The explanation of plaintiff's driver as to

why he did not stop before striking the bank was: "My foot must have gone off the brake for all I know." He admitted it was the bank that stopped him. In other respects than as above indicated the evidence of defendant and that of plaintiff's witnesses on the question of liability was substantially conflicting.

The plaintiff's exceptions, twelve in number, may be divided into two categories, the first nine relating to evidentiary rulings made during the trial and the last three relating to the decision of the trial justice in favor of defendant. In the first group, exceptions numbered 4, 5, 6, 7 and 8 relate to the questions and evidence bearing on the damages. In view of our final conclusion as to liability, it is unnecessary to discuss these exceptions further. Exception 2 relates to a question asked one of plaintiff's witnesses on cross-examination as to the width of Olney avenue at the intersection. The objection was made on the ground that the witness had already answered this question on direct examination. This objection appears to be frivolous because defendant clearly was not bound by the answer of the witness on direct examination and had a right to cross-examine him on matters reasonably related to direct testimony. We have carefully examined the transcript and find no merit in that or in exceptions 1, 3 and 9. All of the exceptions in the first group are therefore overruled.

Exceptions 10, 11 and 12 of the second group relate to the decision of the trial justice and are based on the grounds that such decision is against the evidence, against the law, and against the law and the evidence and the weight thereof. In a rescript in which the trial justice discussed and analyzed the testimony at length, he stated: "We have carefully studied all the evidence and we cannot agree that plaintiffs have proved by a fair preponderance thereof, any one of these three acts of alleged negligence or in fact any act of negligence which was the proximate cause of said accident. In our opinion the collision occurred within the said intersection which defendant had entered first and that in the

circumstances then and there existing, the defendant was reasonably observant as he approached and entered the intersection; that there appeared to be no good reason for giving warning by sounding a horn or otherwise of his approach to the intersection; and that defendant was operating his car at a rate of speed which was not unreasonble. For like consideration, we are further of the opinion that the plaintiff husband was not himself in the exercise of due care. This, however, cannot be imputed to his wife. At any rate since there was no negligence by the defendant, neither plaintiff can recover."

It appears therefore that the trial justice correctly followed the applicable law. Moreover it is well settled that on conflicting evidence the findings of fact by a trial justice sitting without a jury are entitled to great weight and will not be set aside unless they are clearly wrong and fail to do substantial justice between the parties. *Troia* v. *Leone,* 74 R. I. 271; *Vitullo* v. *Ambrosino,* 78 R. I. 354. Applying that rule to the present case, we find no reason to disturb the decision of the trial justice and the exceptions thereto are overruled.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for the entry of judgment on the decision.

*Aram K. Berberian,* for plaintiff.

*Francis V. Reynolds, Joseph V. Cavanagh,* for defendant.